**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY GEORGIA**

| | |
|---|---|
| ROBERT TRACY CALLOWAY, SR., | : |
| Petitioner | : |
| v. | : 1:04-CV-058 (WLS) |
| STEPHEN M. UPTON, | : |
| Respondent | : |

**ORDER**

Before the Court is Respondent's Motion for Reconsideration of the Court's March 2, 2005 Order adopting the Report and Recommendations of January 28, 2005 and denying Respondent's Motion to Dismiss. (Doc. 22; *see also* Docs. 12, 16). Respondent timely filed the instant Motion for Reconsideration on March 16, 2005.[1] (Doc. 22).

The Federal Rules of Civil Procedure are silent about motions for reconsideration. Indeed, relief granted from motions for reconsideration are within "the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." Region 8 Forest Service Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-806 (11th Cir. 1993), *cert. denied*, 510 U.S. 1040 (1994). It is the practice of this Court to grant a motion for reconsideration only when the movant demonstrates that either: 1) there has been an intervening change in the law; 2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or 3) the court made a clear error of law. McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, Respondent does not argue either that there has been an intervening change in the law or that the Court made a clear error of law. (*See generally* Docs. 22, 23). Respondent also does not argue that any new or previously unavailable evidence has been discovered through the

---

[1] Because the applicable time period for a M.D. Ga. R. 7.6 motion for reconsideration is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded in the computation. Fed. R. Civ. P. 6(a); *see also* Jackson v. Crosby, 375 F.3d 1291, 1295 (11th Cir. 2004).

exercise of due diligence.  Indeed, Respondent "concede[s] that certain documents were submitted to the Court after the report and recommendation was prepared," while submitting no evidence that could support a finding that the same documents were new or previously unavailable at the time he filed his Motion to Dismiss. (Doc. 23).   As it stated in its March 2, 2005 Order, the Court states no opinion as to the impact of said additional information should it be properly presented to the Court.  Respondent has not satisfied this Court's standard as set out in McCoy.  Therefore, Respondent's Motion for Reconsideration (Doc. 22) is **DENIED**.

**SO ORDERED**,  this   29th   day of March, 2006.

/s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT**