IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT TRACY CALLOWAY, | : | |
| Petitioner | : | |
| VS. | : | 1 : 04-CV-58 (WLS) |
| STEPHEN M. UPTON, | : | |
| Respondent. | : | |

**RECOMMENDATION**

The petitioner filed this federal habeas petition on May 4, 2004, challenging his 2002 Sumter County convictions for kidnaping, false imprisonment, aggravated assault, and aggravated battery. Presently pending herein is the respondent's renewed Motion to Dismiss, wherein the respondent alleges that the petitioner has failed to exhaust his state court remedies.

*Background*

In June 2002 in the Superior Court of Sumter County, the petitioner was convicted following a jury trial on charges of kidnaping, false imprisonment, aggravated assault, and aggravated battery. Petitioner, represented by attorney Mark Phillips, filed a Motion for New Trial on July 15, 2002, and said motion was denied on April 20, 2004. Phillips filed a motion to withdraw as counsel on petitioner's appeal on May 10, 2004, stating that petitioner "has failed and/or refused to cooperate with Counsel and has terminated services of Attorney, necessitating that counsel cease any further action on his behalf". Resp.'s Exhibit 3.

The petitioner filed this federal habeas petition on May 4, 2004. On August 6, 2004, the respondent filed his first motion to dismiss, alleging that the petitioner had failed to exhaust his

state court remedies. Finding that several unresolved issues remained regarding the filing of an appeal and the continued representation of appellate counsel, the undersigned recommended that the respondent's Motion to Dismiss be denied. This recommendation was adopted by the Honorable W. Louis Sands on March 2, 2005.

In the presently pending motion to dismiss, the respondent seeks to resolve several of the unanswered questions that persisted at the time of the filing of the original motion to dismiss. Supported in part by documentary evidence from state court filings and proceedings, the respondent asserts that at a hearing in Sumter County in March 2006, petitioner's former appellate counsel Mark Phillips was removed from the case and attorney Plez Hardin of the Southwest Judicial Public Defender's Office was appointed as petitioner's appellate counsel. Respondent further asserts that a hearing on a motion for new trial was scheduled for December 5, 2006. Resp.'s Exhibit 3.

According to the respondent, the petitioner has not pursued a direct appeal of his convictions or filed a state habeas petition challenging his convictions. The respondent maintains that the petitioner can seek direct review of his convictions with the Georgia Court of Appeals and can also pursue a state habeas petition, and that if he bypasses these state remedies, all grounds would be procedurally defaulted.

The petitioner continues to maintain that the State has interposed delays in his appellate proceedings, "staged" the withdrawal of his appellate counsel, and that to require exhaustion at this point would only cause further delay. In a motion filed with this court on April 18, 2007, the petitioner states that he did in fact appear for a hearing at the Sumter County Sheriff's Office on December 14, 2006, although he maintains that he does not know the purpose of said hearing nor

does he mention the outcome of this hearing.

In recommending that the respondent's initial motion to dismiss be denied, the undersigned was concerned by the lack of information regarding the status of any appeal filed on behalf of the petitioner and the status of petitioner's representation by attorney Mark Phillips. The documentation provided by the respondent in support of his renewed motion to dismiss, regarding hearings and proceedings to which the petitioner was made aware and/or participated in, establishes that the petitioner was and apparently continues to be represented by counsel during the pendency of his motion for new trial, and that a hearing was held regarding the continued pendency of said motion for new trial as late as December 2006. As the respondent argues, the petitioner has not raised any of his claims to any state court by means of a direct appeal or state habeas petition, and his claims herein therefore remain unexhausted. In light of the December 2006 hearing and the petitioner's apparent continued appellate representation, it does not appear that the petitioner has suffered inordinate delay in his state proceedings. Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993) (finding that petitioners may be excused from satisfying the exhaustion requirements when the "state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights.").

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971). The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the

federal judiciary." <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982). Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. <u>Galtieri v. Wainwright</u>, 582 F.2d 348, 353 (5th Cir. 1978). The petitioner has not exhausted the grounds for relief raised herein, nor has he shown, in the alternative, that, regarding said grounds, "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). It is therefore the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 20th day of April, 2007.

/s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb